Filed 10/25/24  P. v. E.L. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082802 |
| v. | (Super.Ct.No. FELSB23000077) |
| E.L., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kawika Smith, Judge.  Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

1

INTRODUCTION

Defendant and appellant Ervin Longstreet appeals from a trial court's order extending for two years his commitment to a state hospital under Penal Code[1] section 1026.5, subdivision (b).  We dismiss the appeal.

PROCEDURAL BACKGROUND

Defendant was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)) but found not guilty by reason of insanity.  He was committed to Patton State Hospital, but later transferred to Sylmar Health and Rehabilitation Center (Sylmar), with a term of commitment to expire on November 5, 2023.

On June 29, 2023, a petition was filed to extend defendant's commitment, pursuant to section 1026.5, subdivision (b).  Defendant's primary therapist at Sylmar opined that, without appropriate supervision, defendant continued to present significant danger to others due to his mental disorder.  A jury found the petition true, and the court extended defendant's commitment to November 5, 2025.

ANALYSIS

We appointed counsel to represent defendant on appeal.  His counsel filed a brief summarizing the facts and proceedings below.  Counsel requested that we exercise our discretion to independently review the record on appeal under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.  He did not identify an arguable issue but generally directed our attention to "whether there was

_____

[1]  All further statutory references will be to the Penal Code unless otherwise indicated.

2

sufficient evidence to sustain the petition to extend [defendant's] commitment." This court advised defendant he had 30 days to file a personal supplemental brief. He has not filed one.

*Wende* procedures do not apply to appeals from extensions of civil commitments of persons found not guilty by reason of insanity. (*People v. Martinez* (2016) 246 Cal.App.4th 1226, 1230, 1239-1240; accord, *People v. Luper* (2022) 73 Cal.App.5th 1077, 1082-1083.) Although an appellate court may retain an appeal where *Wende* review is not mandatory (*Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 544, fn. 7), the circumstances here do not warrant such a course of action. We shall accordingly dismiss the appeal.

<u>DISPOSITION</u>

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>FIELDS</u>        
J.


We concur:

<u>CODRINGTON</u>     
      Acting P. J.

<u>RAPHAEL</u>        
      J.